UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

COLETTE STROUDE, *on behalf of herself and all others similarly situated*,

Plaintiff,

-against-

HENG HENG GROUP, INC.,

Defendant.

**MEMORANDUM & ORDER**
24-CV-2346 (NRM) (MMH)

**NINA R. MORRISON**, United States District Judge:

Plaintiff Colette Stroude originally filed this action against Defendant Heng Heng Group, Inc. ("Heng Heng Group"), seeking injunctive and declaratory relief under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182 *et seq.*; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq*. Plaintiff seeks to certify a nationwide class and a New York City subclass of all legally blind individuals who have attempted to access Defendant's website, www.nourishthai.com (the "Website").

Now before the Court is a motion to dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). Specifically, Defendant contends that Plaintiff has failed to establish standing as required by Article III of the U.S. Constitution. For the reasons below, Defendant's motion to dismiss is granted.

## BACKGROUND

### I. Factual Background

The following facts are drawn from the First Amended Class Action Complaint ("FAC"), ECF No. 16, and they are taken as true for the purposes of the instant motion.

Plaintiff is a visually impaired and legally blind person; she requires screen-reading software to read website content using her computer, and she is a member of a protected class of individuals under the ADA (and its regulations set forth at 28 C.F.R. §§ 36.101 *et seq.*), along with the NYCHRL. *Id.* ¶¶ 2, 18. In particular, Plaintiff is a proficient NonVisual Desktop Access ("NVDA") screen-reader user, and she uses it to access the internet. *Id.* ¶ 37.

Defendant lists its available services on the Website, which it owns, operates, and controls. *Id.* ¶ 19. The Website is the online platform for the Nourish restaurant, which is located in Plaintiff's home borough of Brooklyn. *Id.* ¶ 21. Defendant's restaurant "specializ[es] in offering a menu centered around authentic Thai cuisine, focusing on fresh, healthy ingredients and traditional recipes," and it "emphasizes a home cooking style that aims to bring the genuine taste and warmth of Thai family meals to its customers." *Id.* ¶ 23. Plaintiff intended to visit this restaurant because she was looking for a nearby eatery that offered authentic Thai home-cooking style meals, and she wanted to find fresh and healthy options inspired by traditional recipes. *Id.* ¶ 22.

Plaintiff was injured when she attempted multiple times — most recently on March 6, 2024 — to access Defendant's website to obtain location and menu information. *Id.* ¶¶ 20, 21. She visited the Website in order to visit the restaurant,

but encountered barriers that denied her full and equal access to Defendant's online content and services. *Id.* ¶ 21. Plaintiff accused Defendant of engaging in acts of intentional discrimination, including but not limited to

> (a) [c]onstructing and maintaining a website that is inaccessible to visually-impaired individuals, including Plaintiff; (b) [f]ail[ing] to construct and maintain a website that is sufficiently intuitive so as to be equally accessible to visually impaired individuals, including Plaintiff; and (c) [f]ailing to take actions to correct these access barriers in the face of substantial harm and discrimination to blind and visually-impaired consumers, such as Plaintiff, as a member of a protected class.

*Id.* ¶ 60.

Plaintiff encountered several issues with her screen reading software while browsing the Website, including: images on the menu that had no alternative text, leaving Plaintiff unaware of what information was included in the non-text; a hidden element that "[was] not voiced or [was] incorrectly perceived by the screen reader" on the menu page titled "Secret Grandma Recipe"; lack of a programmatically determined markup of an ordered or unordered list for the salad menu; and "active elements and links [that did] not follow the same order as the page layout: left to right and top to bottom." *Id.* ¶¶ 25–28. Additionally, Plaintiff alleges she was "deprived of location information, as the address and telephone number on the web pages [were] presented in plain text and [were] inaccessible to the assistive technology, or devices with phone capabilities," and that she encountered issues with the email address which "should [have been] interactive . . . otherwise it [is] difficult for a legally blind user to copy the address and send an email, if the email address is presented as plain text." *Id.* ¶¶ 29–30. Despite these barriers, Plaintiff alleges that

she "intends to attempt to access the Website in the future to utilize the services the Website offers, and more specifically to obtain location and menu information in order to visit the restaurant, if remedied." *Id.* ¶ 34.

**PROCEDURAL POSTURE**

Plaintiff originally filed this action on March 29, 2024. Compl., ECF No. 1. On May 31, 2024, Defendant moved to dismiss for lack of subject matter jurisdiction and failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* ECF No. 8; ECF No. 9. This case was reassigned to the undersigned on June 3, 2024. Dkt. Order dated June 3, 2024.

On June 28, 2024, Plaintiff filed a motion to amend her initial complaint. Mot. to Amend, ECF No. 14. Plaintiff intended "to plead with greater specificity regarding the accessibility barriers that she encountered when visiting the website, and how they hindered her ability to use the site." *Id.* The Court granted this motion on November 1, 2024, and Plaintiff filed her amended complaint on December 9, 2024. Dkt. Order dated Nov. 1, 2024; FAC.

On September 8, 2025, Defendant filed a fully-briefed motion to dismiss the FAC under Rule 12(b)(1), arguing that because Plaintiff visited Defendant's Website solely to review the menu and obtain a street address, she only suffered an informational grievance, which is insufficient to establish Article III standing. *See generally* Mem. of L. in Supp. of Mot. to Dismiss ("Def.'s Mem."), ECF No. 31. For her part, Plaintiff argues that she satisfies Article III standing requirements because she has plausibly alleged a concrete injury-in-fact, a genuine intent to return to

Defendant's website, and specific access barriers that prevented her from using Defendant's website on equal terms. Pl.'s Mem. of Law in Supp. of Her Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n"), ECF No. 34 at 7.

**LEGAL STANDARD**

An action is properly dismissed for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A motion to dismiss for lack of Article III standing challenges the subject-matter jurisdiction of a federal court and, accordingly, is properly brought under Fed. R. Civ. P. 12(b)(1)." *SM Kids, LLC v. Google LLC*, 963 F.3d 206, 211 (2d Cir. 2020). "The standards of review for a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and under 12(b)(6) for failure to state a claim are substantively 'identical.'" *Munroe v. Fein, Such & Crane, LLP*, No. 22-CV-4052 (LDH)(LB), 2023 WL 6308076, at *2 (E.D.N.Y. Sep. 27, 2023) (quoting *Moore v. PaineWebber, Inc.*, 189 F.3d 165, 169 n.3 (2d Cir. 1999)). "Where the defendant challenges the legal sufficiency of a complaint's allegations, the court must treat all factual allegations as true and draw reasonable inferences in favor of the complaining party." *Monegro v. St. Insider DOT Com Inc.*, No. 21-CV-3339 (LJL), 2022 WL 445797, at *4 (S.D.N.Y. Feb. 11, 2022) (quoting *Robinson v. Gov't of Malay.*, 269 F.3d 133, 140 (2d Cir. 2001)).

"Although [the court] generally accept[s] the truth of a plaintiff's allegations at the motion to dismiss stage, the plaintiff still 'bears the burden of alleging facts that affirmatively and plausibly suggest that [the plaintiff] has standing to

sue.'" *Calcano v. Swarovski N. Am. Ltd.,* 36 F.4th 68,75 (2d Cir. 2022) (citation modified). Additionally, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113; *see also Davis v. Wild Friends Food, Inc.*, No. 22-CV-04244 (LJL), 2023 WL 4364465, at *2 (S.D.N.Y. July 5, 2023) (noting that a defendant bringing a Rule 12(b)(1) motion "may 'raise a facial challenge based on the pleadings, or a factual challenge based on extrinsic evidence'" (quoting *U.S. Airlines Pilots Ass'n ex rel. Cleary v. U.S. Airways, Inc.*, 859 F. Supp. 2d 283, 296 (E.D.N.Y. 2012))).

**DISCUSSION**

"Article III of the Constitution 'confines the federal judicial power to the resolution of "Cases" and "Controversies."'" *Calcano,* 36 F.4th at 74 (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021)). For a plaintiff to satisfy constitutional standing requirements, she must show "(i) that [s]he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion*, 594 U.S. at 423 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-561 (1992)).

Because injunctive relief is the only remedy available under Title III of the ADA, Plaintiff here "must show that [s]he 'is likely to be harmed again in the future in a similar way,' and that '[s]uch threatened injury [is] certainly impending to constitute injury in fact.'" *Thorne v. Cap. Music Gear LLC*, No. 23-CV-776 (LGS),

2024 WL1604273, at *2 (S.D.N.Y. Apr. 12, 2024) (quoting *Calcano*, 36 F.4th at 74). In other words, a plaintiff seeking injunctive relief "may not rely solely on past injury, but, also must establish that 'she is likely to be harmed again in the future in a similar way.'" *Calcano*, 36 F.4th at 74 (quoting *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016)).

In the context of a plaintiff seeking injunctive relief under the ADA, courts in this Circuit evaluate the following factors: whether "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer . . . that plaintiff intended to return to the subject location." *Kreisler v. Second Ave. Diner Corp.,* 731 F.3d 184, 187–88 (2d Cir. 2013).

While private enforcement suits are the primary method of obtaining compliance with the ADA, *Calcano* "raised the bar appreciably for adequately pleading standing to seek injunctive relief," and in the wake of *Calcano*, courts in this Circuit have rejected "boilerplate recitation[s] of the *Kreisler* factors, absent any specific plans to return to the defendant's business." *Dawkins v. Brandy Libr. Lounge, LLC*, No. 23-CV-00207 (HG), 2023 WL 8455896, at *4 (E.D.N.Y. Dec. 6, 2023) (quoting *Hennessy v. Poetica Coffee Inc.*, No. 21-CV-5063 (KAM) (RML), 2022 WL 4095557, at *4 (E.D.N.Y. Sep. 7, 2022)). "A plaintiff's vague, conclusory allegations of past injury or intent to return do not 'nudge [a plaintiff's] claims "across the line from conceivable to plausible,"' as such allegations do not support a finding of a concrete injury-in-fact." *Melendez v. Raaka Chocolate, Inc.,* No. 23-CV-9532 (VMS),

2025 WL 2773006, at *3 (E.D.N.Y. Sep. 28, 2025) (quoting *Calcano*, 36 F.4th at 76–77). Additionally, "'[c]laims under the ADA and NYCHRL are governed by the same standing requirements,' and therefore a complaint that fails to allege standing for purposes of the ADA also fails to allege standing under the [NYCHRL]." *Martin v. Brooklyn Bagel & Coffee Co.*, 2024 WL 4827737, at *7 (quoting *Monegro*, 2022 WL 445797, at *4).

Here, Heng Heng Group argues that the Court lacks subject matter jurisdiction over Plaintiff's ADA claim because Plaintiff has not plausibly pled (1) that she suffered a concrete injury when she viewed the Website in the past, and/or (2) a specific intent to return, as both are required for Article III standing. *See* Def.'s Mem. at 4.

**I. Past Injury**

Plaintiff has alleged sufficient facts to demonstrate that she suffered a past injury, the first factor required by *Kreisler*. In the context of a website, "a plaintiff may satisfy the past-injury requirement by alleging facts that 'demonstrate that [the plaintiff] encountered a barrier that impeded [her] access to the specific feature [of the defendant's website]'" in which she was allegedly interested. *Raaka Chocolate,* 2025 WL 2773006, at *3 (quoting *Martin*, 2024 WL 4827737, at *4) (citation modified). The past injury requirement is a "low threshold." *John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732, 736 (2d Cir. 2017). However, a plaintiff does not satisfy this or any *Kreisler* factor with vague conclusory allegations. *Calcano*, 36 F.4th at 76. Additionally, the Supreme Court has made clear that an "informational injury that

causes no adverse effects cannot satisfy Article III" standing. *TransUnion*, 594 U.S. at 442.

Courts in the Eastern and Southern Districts of New York have found past injury sufficiently pled where plaintiffs specify how particular accessibility barriers they encountered undermined their efforts to access goods or information. *See Hernandez v. Janie and Jack*, No. 24-CV-5354 (BMC), 2025 WL 1898930, at *2 (E.D.N.Y. July 9, 2025) (finding past injury after the plaintiff specified which accessibility barriers caused his inability to purchase a specific pair of pajamas for his child and explained why he wanted to buy them from that website); *see also Camacho v. Vanderbilt Univ.*, No. 18-CV-10694 (KPF), 2019 WL 6528974, at *9 (S.D.N.Y. Dec. 4, 2019) (finding past injury where the plaintiff alleged that "he was unable to navigate the Website because its navigation tabs were incompatible with his screen-reading software, [because he was] unable to utilize the Website's net price calculator," and because "the Website's access barriers regularly deter[red] him from accessing the website"); *cf. Thorne*, 2024 WL1604273, at *3 (finding past injury where the plaintiff detailed specific accessibility barriers he encountered while trying to complete a purchase from the defendant's website). *But see Martin*, 2024 WL 4827737, at *2, 3 (finding the plaintiff's allegations too vague to establish an injury because, while he "list[ed] seven generic programming errors allegedly present on the Website" and stated that they "prevent[ed] free and full use [of the Website] by the [p]laintiff," the complaint was still "bereft of any details about how [the] plaintiff encountered those violations or how those violations impacted him").

Here, Plaintiff asserts that she suffered an injury-in-fact multiple times, most recently on March 6, 2024, when she tried "to access Defendant's website . . . but encountered barriers that denied her full and equal access to Defendant's online content and services." FAC ¶ 20. Plaintiff was deprived of location information, the telephone number, and Defendant's email address due to these barriers. *Id.* ¶ 29. Plaintiff further outlines the issues she encountered: "the web page is presented in plain text and is inaccessible to the assistive technology, or devices with phone capabilities" and that "[n]umbers should be wrapped in hyperlinks with the 'tel:' scheme, and descriptive text should be provided for better accessibility." *Id.* She also details where she encountered the alleged accessibility barriers — such as on the "Secret Grandma Recipe" page, the salad menu page, the listed telephone number and address — and describes how she encountered these barriers while attempting to review the menu and tabbing through the active elements. *Id.* ¶¶ 25–30. Plaintiff also asserts that these accessibility barriers deter her from accessing Defendant's Website on a regular basis. *Id.* ¶¶ 10, 57

Plaintiff ties the accessibility barriers she encountered, and the resulting inability to access information, to being deterred from visiting the Website in the future — and "[u]nder the ADA, 'deterrence' alone 'constitutes an injury.'" *Velazquez v. Spice & Tea Exch.*, No. 22-CV-7535 (PGG) (RWL), 2024 WL 3928613, at *3 (S.D.N.Y. Aug. 22, 2024), *report and recommendation adopted by*, 2024 WL 4950065 (S.D.N.Y. Dec. 3, 2024) (quoting *Kreisler*, 731 F.3d at 188). Plaintiff's complaint was thus not "bereft of any details about how [she] encountered those

violations or how those violations impacted [her]." *Martin*, 2024 WL 4827737 at *3. Plaintiffs' allegations are thus sufficient to satisfy the "low threshold" for pleading the injury-in-fact requirement. *John*, 858 F.3d at 736.

**II. Continuing Discriminatory Treatment**

Plaintiff has also sufficiently pled facts to show that the allegedly discriminatory treatment will likely continue. In website cases, the plaintiff "need only plead facts sufficient to enable a court to infer [that] the discriminatory treatment will continue when [p]laintiff visits the website again." *Spice & Tea Exch.*, 2024 WL 3928613, at *4. The Court in *Spice & Tea Exch.* found that discriminatory treatment would likely continue where the plaintiff visited the website twice and encountered the same barriers. *See id.*

Courts in this Circuit have found similar allegations sufficient to permit a reasonable inference that the discriminatory treatment will continue. *See Hernandez*, 2025 WL 1898930, at *2 (finding the fact that the plaintiff visited the website "multiple times" and the barriers to access that remained supported an inference that the website has not been altered to fix the barriers the plaintiff encountered); *Davis,* 2023 WL 4364465, at *6 (S.D.N.Y. July 5, 2023) (finding allegations that the plaintiff visited the website five times but still confronted accessibility barriers sufficient to support an inference that discriminatory treatment would continue); *Maddy v. Life Time Inc.*, 22-CV-5007 (LJL), 2023 WL 4364488, at *5 (S.D.N.Y. July 5, 2023) (same after plaintiff alleged she visited the website on numerous occasions and faced the same accessibility issues); *Weekes v. Outdoor Gear*

*Exch., Inc.*, No. 22-CV-1283 (ER), 2023 WL 2368989, at *3 (S.D.N.Y. Mar. 6, 2023) (same after plaintiff alleged he visited the website twice but still confronted accessibility barriers and defendant made no indication that it would update its current technology); *Camacho*, 2019 WL 6528974, at *10 (same after plaintiff alleged he visited the website multiple times and was unable to access content); *Guerrero v. Ogawa USA Inc.*, No. 22-CV-2583 (LGS), 2023 WL 4187561, at *3 (S.D.N.Y. June 26, 2023) (same).

The plaintiff alleges she visited Defendant's Website multiple times and each time encountered accessibility barriers, *see* FAC ¶¶ 47–53; these allegations are sufficient to permit an inference that the discriminatory treatment will continue.

**III. No Intent to Return**

Ultimately, however, Plaintiff does not have standing to proceed with her ADA claim because the FAC fails to support a reasonable inference that she intends to return to Defendant's Website. "[T]he central inquiry is not whether a complaint pleads the magic words that a plaintiff intends to return, but if, examined under the totality of all relevant facts, the plaintiff plausibly alleges a real and immediate threat of future injury." *Calcano*, 36 F.4th at 75 (citation omitted); *see Velazquez v. Everlast Worldwide, Inc.*, No. 22-CV-9211 (VSB), 2022 WL 16745767, at *1 (S.D.N.Y. Nov. 7, 2022) ("The plaintiff must plausibly allege 'a real and immediate threat of future injury' to satisfy the third prong." (citation omitted) (quoting *Calcano*, 36 F.4th at 75)). "[T]he focus of the third factor—*i.e.*, intent to return based on past visits and proximity—is to ensure that 'the risk of harm is sufficiently imminent and

substantial' to establish standing." *Calcano*, 36 F.4th at 74–75 (quoting *TransUnion*, 594 U.S. at 435)).

In the digital context, intent to return "can be met by non-conclusory, plausible factual allegations from which it is reasonable to infer, based on the past frequency of visits and the plaintiff's articulated interest in the products or services available on the particular website, that the plaintiff intends to return to the website." *Wahab v. Surya Nature, Inc.*, No. 1:24-CV-384 (MKV), 2025 WL 872112, at *3 (S.D.N.Y. Mar. 20, 2025) (quoting *Loadholt v. Dungarees, Inc.*, No. 22-CV-4699 (VEC), 2023 WL 2024792, at *2 (S.D.N.Y. Feb. 15, 2023)). "In the website context, '[f]ollowing *Calcano*, courts in this Circuit have required specific factual allegations to establish standing, such as details about a plaintiff's past visits to a defendant's website, the reasoning behind a plaintiff's desire for a particular product, and an explanation of a plaintiff's need to purchase products from the particular website in question.'" *Raaka Chocolate*, 2025 WL 2773006, at *4 (citing *Loadholt v. Oriental-Décor.com Inc.*, No. 22-CV-8205 (AS) (RWL), 2024 WL 78243, at *3 (S.D.N.Y. Jan. 4, 2024)).

Furthermore, when determining the plausibility of a plaintiff's intent to return to a place of public accommodation, courts may examine "factors such as (1) the proximity of the defendant's business to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the frequency of plaintiff's travel near the defendant's business." *Winegard*, 674 F. Supp. 3d at 25 (citing *Calcano*, 36 F.4th at 74).

Courts in this Circuit have found an intent to return was plausibly pled by plaintiffs who alleged that they used a certain product with regularity, have a particular interest in a specific product on a website, or that they have an existing hobby related to products on a website. *See Maddy v. Life Time Inc.*, 22-CV-5007 (LJL), 2023 WL 4364488, at *5 (S.D.N.Y. July 5, 2023) (intent to return satisfied where the plaintiff "alleges that she has a hobby of collecting body lotions and oils from various brands . . . and the website offers a specific oil, the Morroccanoil Dry Body Oil, which is a high quality body lotion that [p]laintiff wants to add to her collection"); *Guerrero v. Ogawa USA Inc.,* No. 22-CV-2583 (LGS), 2023 WL 4187561, at *3 (S.D.N.Y. June 26, 2023) (finding intent to return where the plaintiff wanted to purchase a "unique, differentiated and highly valuable Ogawa product and ha[d] tried to do so on three specific dates"); *Walters v. Fischer Skis U.S.,* LLC, 21-CV-1115 (LEK/ATB), 2022 WL 3226352, at *4 (N.D.N.Y. Aug. 10, 2022) ("It is reasonable to infer, based upon Plaintiff's history as a skier and his interest in the sport, that he will plan another ski trip and will return to the site to purchase new equipment."); *cf. Dungarees*, 2023 WL 2024792, at *3 (finding that the plaintiff did not establish standing when the plaintiff did "not allege the genesis for his sudden need or want for 'belts' or 'jackets'" or facts "as to why [the p]laintiff prefers belts and jackets from [the defendant] over those available from any other apparel company or other website"); *Melendez v. Complete Tile Collection, LLC*, No. 23-CV-8074-SJB, 2024 WL 4295299, at *2 (E.D.N.Y. Sep. 25, 2024) (finding a lack of standing where the plaintiff alleged that she often sought out high-end chocolate for its taste and benefits, but did

not offer any reasons why her interest in the chocolate in question was personal and specific to her, or why she needed to purchase chocolates from the website in question).

Plaintiffs may support a plausible inference of intent to return by attempting to access the website on multiple different occasions over a period of time. *See Raaka Chocolate*, 2025 WL 2773006, at * 5. There is no bright-line rule as to how many attempts support an inference of intent to return, however, many courts have found that visiting a website twice, without additional facts, is generally not enough to establish Article III standing. *See id.* at *9 (no standing where plaintiff visited the defendant's website twice, within two days of one another, and less than one month before filing suit); *Dawkins v. Schott NYC Corp.*, 22-CV-3617 (PKC) (TAM), 2023 WL 6283285, at * 3–4 (E.D.N.Y. Sep. 26, 2023) (no standing where plaintiff only visited defendant's website twice in one month); *Tavarez-Vargas v. Annie's Publ'g, LLC*, 21-CV-9862 (AT), 2023 WL 2499966, at *2–3 (S.D.N.Y. Mar. 14, 2023) (no standing where plaintiff "allege[d] that she visited [the d]efendant's website twice, nearly nine months apart, to purchase a 'hook[-]and[-]needle kit'"); *cf. Davis*, 2023 WL 4364465, at * 6 (finding intent to return where the plaintiff specified five prior dates on which he visited the website to purchase organic nut butter).

Additionally, courts in this Circuit have considered whether the plaintiff has provided context surrounding the "genesis of his sudden need or want." *Complete Tile*, 2024 WL 4295299, at *2 (quoting *Schott NYC Corp.*, 2023 WL 6283285, at *3–4). In *Complete Tile*, the Court found that the plaintiff successfully identified the

"'genesis' of her desire" to purchase mosaic tiles from the defendant's website — "her current bathroom tiles [were] moldy, and she want[ed] to repair the floor" — making her allegations sufficient to allege an intent to return and to survive a motion to dismiss. 2024 WL 4295299, at *3

Here, Plaintiff alleges that she "intends to attempt to access the Website in the future to utilize the services the Website offers, and more specifically to obtain location and menu information in order to visit the restaurant, if remedied." FAC ¶ 34. However, Plaintiff does not specify when she intends to visit the website or the restaurant in the future, and such "some day" intentions, without any facts showing concrete plans or specifying when some day will be, are insufficient. *See Lujan*, 504 U.S. at 564. Plaintiff also alleges that she "attempted multiple times, most recently on March 6, 2024, to access Defendant's website," but she does not specify the other dates that she visited the Website. FAC. ¶ 20. Plaintiff never claims to have visited the restaurant and only alleges that she visited the Website twenty-three days before filing this suit. Simply stating that she visited the Website "multiple times" is the kind of "vague assertion" and "bare allegation" rejected in *Calcano*. *See* 26 F.4th at 76–77.

Additionally, Plaintiff provides little context regarding the "genesis of [her] sudden need or want" for eating at either Defendant's specific restaurant or one similar to it. *Complete Tile*, 2024 WL 4295299, at * 2. It is not clear why Plaintiff would need to return to *this* specific Website as opposed to the website of another Thai restaurant. She had no concrete plans to visit the restaurant and only

conclusorily states that she intends to visit the Website in the future. Without context as to Plaintiff's sudden need to visit Defendant's Website, she does not sufficiently plead an intent to return.

While Plaintiff has pled that she often visits restaurants in her home borough of Brooklyn, and the Nourish restaurant is located in Brooklyn, the proximity of Defendant's restaurant does not support a finding of intent to return, since Plaintiff only alleges that she intended to visit the Website to obtain location and menu information. *See Erkan v. David A. Hidalgo, M.D., P.C.*, No. 23-CV-9553, 2025 WL 253298, at * 3 (E.D.N.Y. Jan. 21, 2025) (no standing where the court found that the "convenience" of the physical practice did not factor into the plaintiff's intent to return to the practice's *website*). Thus, Plaintiff has failed to show an intent to return to the Website.

* * *

For these reasons, First Amended Complaint is dismissed for lack of subject matter jurisdiction.

The Court also notes that Plaintiff has, to date, filed at least thirty-eight other lawsuits in this District. All of these actions either settled or were voluntarily dismissed by Plaintiff. While the number of similar cases filed by Plaintiff is not dispositive, *see, e.g., Spice & Tea Exch.*, 2024 WL 3928613, at *5 (noting that "the Second Circuit and other courts have recognized that plaintiffs who bring numerous ADA actions may nevertheless have a plausible cause of action"), it is a factor courts may consider when deciding whether to grant leave to amend. Indeed, in *Calcano,*

the Second Circuit pointedly declined to "'ignore the broader context of Plaintiffs' transparent cut-and-paste and fill-in-the-blank pleadings' across 'hundreds of substantively identical lawsuits;' that 'identically allege[d]' the same essential claim." *Winegard v. Golftec Intell. Prop. LLC*, 674 F. Supp. 3d 21, 26 (E.D.N.Y. 2023) (quoting *Calcano*, 36 F.4th 68, 77 (2d Cir. 2022)). The Court also notes that Plaintiff's counsel, Stein Saks, has filed more than 500 ADA website complaints in the Southern and Eastern Districts of New York between June 2023 and July 2024 alone. *See Martin*, 2024 WL 4827737, at *4 (quoting *Wahab v. White's Boots, Inc.*, No. 23-CV-9018 (JHR) (GS), 2024 WL 3909083, at *8 (S.D.N.Y. Aug. 16, 2024)). Thus, Stroude's counsel is highly familiar with what the Second Circuit and other courts in this district require for a plaintiff to establish standing.[1]

Courts often grant leave to file an amended complaint when the complaint is dismissed for lack of standing. *See Dominguez v. Grant Lux Cafe LLC*, No. 19-CV-

---

[1] And to name just a few examples, plaintiffs in the following ADA cases were represented by Stein Saks: *Martin*, 2024 WL 4827737, at *6 (dismissing for lack of standing, with leave to amend granted); *Spice & Tea Exch.*, 2024 WL 3928613, at *3–6 (finding that the plaintiff had standing and recommending the motion to dismiss be denied); *Hernandez*, 2025 WL 1898930, at *2–3 (finding that the plaintiff had plausibly alleged standing); *Raaka Chocolate*, 2025 WL 2773006, at *9–10 (finding that plaintiff lacked standing and *sua sponte* granting leave to amend); *Schott NYC Corp.*, 2023 WL 6283285, at * 3–5 (dismissing for lack of standing but granting leave to amend); *Angeles v. Grace Products, Inc.*, No. 20-CV-10167 (AJN), 2021 WL 4340427, at *3 (S.D.N.Y. Sep. 23, 2021) (finding that plaintiff had plausibly alleged standing); *Surya Nature*, 2025 WL 872112, at *4 (dismissing for lack of standing and denying leave to amend); *Brandy Libr.*, 2023 WL 8455896, at *5–7 (finding that plaintiff had plausibly alleged standing in the amended complaint and granting leave to amend); *Everlast Worldwide*, 2022 WL 16745767, at *2 (*sua sponte* finding that plaintiff lacked standing and ordering plaintiff to move to amend or show cause against dismissal); *Complete Tile*, 2024 WL 4295299, at *3 (finding that plaintiff had plausibly alleged standing).

10345, 2020 WL 3440788, at *4 (S.D.N.Y. June 22, 2020). This practice follows from the rule instructing courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P 15(a)(2). However, Plaintiff and her counsel were well aware of the applicable pleading requirements at the time they filed this suit. Moreover, Plaintiff has already twice been given the opportunity to cure the defects identified in this opinion — first, when she was given leave to amend her complaint in 2024, and second, when Defendant raised a standing challenge in its pre-motion conference letter seeking to dismiss the instant complaint. Furthermore, in her brief in opposition to the motion to dismiss, Plaintiff did not request the opportunity to amend her complaint further, nor did she identify any proposed amendment that would cure her pleading and confer standing. *See Velazquez v. Home Controls, Inc.*, No. 22-CV-3921 (MKV), 2023 WL 4622597 (S.D.N.Y. July 19, 2023), at *4 (dismissing the amended complaint with prejudice in an ADA website case where plaintiff had already been given one opportunity to amend, and where plaintiff neither requested further leave to amend nor identified any proposed amendment that would cure the standing defect). Thus, granting leave to amend would not be appropriate in this case, and the ADA claims in the First Amended Complaint are hereby dismissed with prejudice.

**V. Supplemental Jurisdiction**

"'Claims under the ADA and NYCHRL are governed by the same standing requirements,' and therefore a complaint that fails to allege standing for purposes of the ADA also fails to allege standing under the NCHRL." *Martin*, 2024 WL 4827737,

at *7 (quoting *Monegro*, 2022 WL 445797, at *4). Therefore, the Court declines to extend supplemental jurisdiction over Plaintiff's NYCHRL claims because Plaintiff failed to establish standing under the ADA; these claims are also dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's First Amended Complaint for lack of standing is granted, and Plaintiff's claims are dismissed with prejudice. The Clerk of Court is respectfully directed to enter judgment and close this case.

**SO ORDERED.**

*/s/ Nina R. Morrison*
Nina R. Morrison
United States District Judge

Dated: September 29, 2026
Brooklyn, New York